UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA BLAIN,

        Plaintiff,

v.                                                  Case No. 8:20-cv-49-T-24 SPF

CENTURION OF FLORIDA,
L.L.C., ET AL.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Defendant Baker's Motion to Dismiss (Doc. No. 16), which Plaintiff opposes (Doc. No. 19); and (2) Defendants Centurion of Florida, LLC ("Centurion") and MHM Health Professionals, Inc.'s ("MHM") Motion to Dismiss Count III (Doc. No. 17), which Plaintiff opposes (Doc. No. 22). As explained below, the Court finds that the motions should be granted.

## I. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

(citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff Vanessa Blain was a Pharmacist Tech/Nursing Assistant at Hardee Correctional Institution ("HCI"), a state prison. Plaintiff was employed by Defendant Centurion. Centurion subcontracts with Defendant MHM to provide medical staffing to Defendant HCI. Defendant Shane Baker is the prison warden at HCI.

Plaintiff contends that Defendants terminated her employment based on race discrimination and retaliation. Specifically, Plaintiff alleges the following in her complaint (Doc. No. 1):

> 8) The Plaintiff, VANESSA BLAIN, was subjected to racial slurs and was terminated due to a plotting co-employee wanting Ms. Blain, the only African American employee, fired. A fellow employee was overheard by a prison guard at Hardee Correctional planning to plant drugs on Ms. Blain in order to get her fired. The prison guard reported the conversation. The employee who instigated the plan to plant the drugs was terminated from employment. Ms. Blain complained to her employer of discriminatory treatment due to her race, African-American.
>
> 9) The plotting co-employee and the Plaintiff, VANESSA BLAIN, both had their prison access revoked by the Warden which lead to the Plaintiff being terminated, even though the Plaintiff had not performed any wrongful act. The Employer took the position that without prison access, they could not continue to employ Ms. Blain. The Employer made no further efforts to employ Ms. Blain at any

> of the various other correctional facilities at which the Employer provides medical services.[1]
>
> * * *
>
> 17. The Defendants, acting under color of state law, acted in concert and individually to prevent Plaintiff, VANESSA BLAIN, from keeping her job, or from obtaining similar positions in other prisons. Rescinding her prison access for no reason was in retribution for Ms. Blain complaining about racial discrimination and driven by racial animus.
>
> * * *
>
> 19) Plaintiff, VANESSA BLAIN, has been denied her employment and access to Hardee Correctional Institution based on racial animus of the parties.

(Doc. No. 1-1).

Plaintiff asserts four claims in her complaint: (1) a race discrimination claim under the Florida Civil Rights Act ("FCRA"), (2) a retaliation claim under the FCRA, (3) a § 1983 claim, and (4) a § 1981 claim. In response, Defendants Baker, Centurion, and MHM filed motions to dismiss.

### III. Motions to Dismiss

Pending before the Court are two motions to dismiss, which the Court will consider together. Collectively, Defendants make the following arguments: (1) the complaint should be dismissed because Plaintiff lumps all of the defendants together and does not identify the separate acts of each defendant; and (2) Plaintiff fails to allege sufficient facts to support any of her claims. Accordingly, the Court will address these arguments.

#### A. Lumping Defendants Together

Defendants argue that the complaint should be dismissed because Plaintiff lumps all of the defendants together and does not identify the separate acts of each defendant. The only

---

[1] It is unclear why Plaintiff is referring to "the Employer" and not identifying Centurion or any other defendant instead.

specific acts alleged in the complaint taken by specific defendants are the following: (1) Centurion employed Plaintiff (Doc. No. 1-1, ¶ 2); and (2) Baker revoked Plaintiff's prison access, which was in retribution for Plaintiff complaining about racial discrimination and driven by racial animus (Doc. No. 1-1, ¶ 9, 17). There is no specific allegation that MHM, Baker, or HCI employed Plaintiff, nor are there any other specific acts alleged to have been done by specific defendants. The Court agrees that Plaintiff has improperly lumped all of the defendants together within her complaint, and as such, dismissal without prejudice is warranted. The Court will grant Plaintiff leave to amend, and she must allege the specific acts that each defendant took that give rise to their alleged liability.

### B. Sufficiency of the Allegations

Next, Defendants argue that Plaintiff fails to allege sufficient facts to support any of her claims. A review of the elements of Plaintiff's claims shows that this argument is well-founded, and her claims are subject to dismissal.

#### 1. Race Discrimination under the FCRA

Plaintiff asserts a race discrimination claim under the FCRA. The FCRA provides that "[i]t is an unlawful employment practice for an employer . . . [t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race." Fla. Stat. § 760.10(1)(a). In order to state a race discrimination claim under the FCRA against each defendant, Plaintiff must allege the following: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside of her protected class or was treated less favorably than a similarly-situated individual

4

outside of her protected class. See Clymer v. Caterpillar, Inc., 2010 WL 11549901, at *2 (S.D. Fla. Dec. 13, 2010)(citations omitted).

Plaintiff has alleged that she is African-American and that she was terminated, but she fails to allege that she was replaced by a person outside of her protected class or that she was treated less favorably than a similarly-situated individual outside of her protected class. She also does not allege that any of the defendants other than Centurion employed her. Accordingly, the Court agrees that Plaintiff has failed to adequately allege a race discrimination claim under the FCRA.

### 2. Retaliation under the FCA

Next, Plaintiff asserts a retaliation claim under the FCRA. The FCRA provides that "[i]t is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." Fla. Stat. § 760.10(7). In order to state a retaliation claim under the FCRA against each defendant, Plaintiff must allege three things: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the statutorily protected activity and the adverse action. See Hamilton v. Sheridan Healthcorp. Inc., 602 Fed. Appx. 485, 488-89 (11th Cir. 2015).

Plaintiff has alleged that she complained to her employer about race discrimination and that she was fired, but Plaintiff fails to connect her discrimination complaint to her termination. Instead, she contends that Baker retaliated against her for complaining by revoking her prison access. However, she does not allege that Baker was her employer or that Baker fired her. Nor

does Plaintiff allege that MHM or HCI was her employer. Furthermore, her allegation connecting the rescission of her prison access to her complaint of discrimination is not made within her retaliation claim. (Doc. No. 1-1, ¶ 17). Finally, Plaintiff has not set forth the approximate dates for her complaint of discrimination and her termination to show a causal connection between them. Accordingly, the Court agrees that Plaintiff has failed to adequately allege a retaliation claim under the FCRA.

### 3. Section 1981 Claim

Next, Plaintiff asserts a § 1981 claim, alleging that she has been denied her employment and access to HCI based on the racial animus of the parties. In order to state a claim under §1981 in this case against each defendant, Plaintiff must allege the following: (1) she is a member of a racial minority; (2) each defendant intended to discriminate against her on the basis of her race; and (3) the discrimination concerned her employment. See Kinnon v. Arcoub, Gopman & Associates, Inc., 490 F.3d 886, 891 (11th Cir. 2007).

Discrimination and retaliation claims brought under §1981 are evaluated under the same framework as FCRA claims. See Bender v. Miami Shores Village, 578 Fed. Appx. 822, 824 n.2 (11th Cir. 2014)(stating that the elements of § 1981 race discrimination in the employment context are the same as those for a Title VII claim, and that Title VII cases can be used to evaluate FCRA claims); Duckworth v. Strayer University, Inc., 2019 WL 1897278, at *15 (N.D. Ala. Apr. 29, 2019)(stating that retaliation claims brought under §1981 and Title VII are analyzed under the same framework). Therefore, the analysis set forth above with respect to Plaintiff's FCRA claims applies to her § 1981 claim.

**4. Section 1983 Claim**

Next, Plaintiff asserts a § 1983 claim, alleging that Defendants, acting under color of state law, acted in concert and individually to prevent her from keeping her job, or from obtaining similar positions in other prisons. In order to state a §1983 claim against each defendant, Plaintiff first must allege two things: (1) an act or omission by each defendant that deprived her of a constitutional or other federal right; and (2) the act or omission was done by a person acting under color of law.[2] See Carpenter v. Horta, 2019 WL 6828174, at *1 (M.D. Fla. Dec. 13, 2019).

In response to the motions, Plaintiff argues that Defendants violated her procedural due process rights with respect to her employment.[3] In order to state such a claim, Plaintiff must allege two more things: (1) a deprivation of a property interest; and (2) a constitutionally inadequate process. See Lambert v. Board of Trustees, 2019 WL 6273402, at *3 (11th Cir. Nov. 25, 2019). Whether a person has a property interest in their job is determined with reference to state law, and at-will employees do not have a protected property interest in their employment. See Hollis v. Western Academy Charter, Inc., 782 Fed. Appx. 951, 957 (11th Cir. 2019). Plaintiff has not alleged that she was not an at-will employee or otherwise alleged sufficient facts to show that she had a property interest in her employment.

---

[2] Centurion and MHM argue that they are not state actors. The Court need not address this argument, as there are other bases for dismissal. However, if they seek to assert this argument again, they should be prepared to address cases in which private entities contracted to provide medical services to prisoners, such as in Gregory v. Perez-Lugo, 2019 WL 1931919, at *2 (M.D. Fla. Apr. 30, 2019), in which the court implied that Centurion could be considered a state actor.
[3] Substantive due process claims are not available in the employment context. See Hollis v. Western Academy Charter, Inc., 782 Fed. Appx. 951, 957 (11th Cir. 2019); Silva v. Bieluch, 351 F.3d 1045, 1047 (11th Cir. 2003).

Furthermore, assuming that Plaintiff can show that each defendant was acting under color of state law, liability under §1983 cannot be based on respondeat superior. See Gregory v. Perez-Lugo, 2019 WL 1931919, at *2 (M.D. Fla. Apr. 30, 2019). Therefore, Plaintiff must allege that a policy or custom of the state actor/governmental entity was the cause of the alleged violation of her due process rights. See Cooper v. Department of Corrections, 2017 WL 6387781, at *5 (M.D. Fla. Dec. 14, 2017).

### 5. Amending the Complaint

As previously stated, the Court will grant Plaintiff leave to amend in order to correct the deficiencies identified in this order. When amending the complaint, Plaintiff should also consider two more things. First, MHM contends that it is not properly named in the complaint. (Doc. No. 17, p. 1 n.1). Second, it is unclear why Plaintiff is suing both Baker in his official capacity and HCI, because a claim against Baker in his official capacity as the warden of HCI is equivalent to a claim against HCI.[4] See Horta, 2019 WL 6828174, at *2.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Baker's Motion to Dismiss (Doc. No. 16) is **GRANTED**.

(2) Defendants Centurion and MHM's Motion to Dismiss Count III (Doc. No. 17) is **GRANTED.**

(3) The complaint is dismissed without prejudice.

(4) Plaintiff is granted leave to file an amended complaint by *March 2, 2020*. If Plaintiff fails to timely file an amended complaint, the Court will dismiss this case without further notice.

---

[4] Additionally, it is unclear whether Plaintiff has separately served HCI.

DONE AND ORDERED at Tampa, Florida, this 19th day of February, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record