**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VANESSA BLAIN,

      Plaintiff,                                                   Case No.: 8-20-cv-00049-SCB-SPF

v.

CENTURION OF FLORIDA, LLC,
MHM HEALTH PROFESSIONALS, INC.,
MHM HEALTH PROFESSIONALS LLC,
SHANE BAKER, IN HIS PERSONAL CAPACITY
AND IN HIS OFFICIAL CAPACITY AS WARDEN
OF HARDEE CORRECTIONAL INSTITUTION, AND
HARDEE CORRECTIONAL INSTITUTION.

      Defendants.
_____/

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF  AND REQUEST FOR JURY TRIAL**

      Plaintiff, VANESSA BLAIN, files this action against the Defendants, CENTURION OF FLORIDA LLC, MHM HEALTH PROFESSIONALS INC., MHM HEALTH PROFESSIONALS, LLC, SHANE BAKER, in his personal capacity and in his official capacity as Warden of Hardee Correctional Institution, and HARDEE CORRECTIONAL INSTITUTION and states as follows:

      1)      This is an action exceeding $15,000.00 in damages, exclusive of interest, costs and attorneys' fees.  All acts that give rise to this action occurred in Hardee County.

      2)      The Plaintiff, VANESSA BLAIN, is a resident of Sebring, Highlands County, FL and is a former employee of the Defendant, CENTURION OF FLORIDA, LLC, "Centurion" who subcontracts with MHM HEALTH PROFFESSIONALS LLC AND MHM HEALTH PROFESSIONALS, INC.,  "MHM" for the FLORIDA DEPARTMENT OF CORRECTIONS at the HARDEE CORRECTIONAL INSTITUTION,  who was employed as a Pharmacist

Tech/Nursing Assistant and is 31 years old. She is African-American. She had good reviews at work and was not terminated for cause or for any misconduct on her part by the Defendants.

3) The Defendant, SHANE BAKER, was employed, at all times relevant to this action, by the Florida Department of Corrections as prison warden of Hardee Correctional Institution, an agency of the State of Florida which employs numerous individuals in Hardee County, Florida.

4) The Defendant, HARDEE CORRECTIONAL INSTITUTION is a prison which is part of the State of Florida's Department of Corrections in Hardee County, Florida.

5) The Defendant, CENTURION OF FLORIDA, LLC, subcontracts with MHM HEALTH PROFESSIONALS, INC., to provide medical staffing to the Florida Department of Corrections at Hardee Correctional Institution in Hardee County, Florida.

6) This Court has jurisdiction over the parties herein and venue is proper in the Tenth Judicial Circuit Court in and for Hardee County because this Judicial District is the location where Defendant operates its facilities and is where the unlawful employment practices detailed below occurred. This case has now been removed to the federal district court for the middle district of Florida.

7) The Plaintiff, VANESSA BLAIN, has filed a charge of discrimination with the Florida Commission on Human Relations on March 11, 2019, which was dismissed on June 17, 2019. A copy of the charge and notice of dismissal are attached as Exhibit A and B. The Defendant has met all conditions precedent to bringing this action.

8) On October 13, 2017, Ms. Blain contacted Melissa Bourke, an HR administrator at Centurion, to complain of "work related conflicts and issues…" Ms. Blain followed up on October 27, 2017 and November 7, 2017, and email communication between them indicates that

there were missed calls between them. It appears no affirmative action was taken by Defendant Centurion after a few attempts to contact Ms. Blain by telephone.

9) On February 27, 2018, Ms. Blain, on the recommendation of her supervisor Ms. Brummett, wrote an incident report after Wendy Edwards, an employee, purposely hit her with a bag. The incident occurred on February 26, 2018.

10) On March 9, 2018, Ms. Blain complained that she was not treated in the same way as other employees in that other, more recently hired employees, were allowed to take leave that they had not accumulated, whereas she was not. This complaint was made to Alissa Zinninger, a manager at Defendant Centurion. Ms. Blain had previously requested time off under the company policy that allowed up to 40 hours of leave "in the negative" meaning time that had not been accumulated. She became aware that another, white employee, had been allowed such leave but she had not. Moreover, Ms. Blain's time off had been pre-approved.

11) On September 24, 2018, Ms. Blain complained in an email to Alissa Zinninger, a manager a Centurion, inter alia, that co-employee Wingo had harassed her and that she made racial comments and used the "N" word. She also complained that another co-worker named Victoria also made racial comments using the "N" word. Ms. Blain further stated that she had complained previously to her supervisors Ms. Brummett and Ms. Taylor and that no corrective action had been taken. The use of these racial epithets in her presence were demeaning and intended to harass Ms. Blain.

12) One day after she made her complaint concerning racial epithets, on September 25, 2018, Ms. Blain's personal radio was destroyed. Ms. Blain made an incident report on that day that it had been destroyed maliciously. The employee handbook specifically prohibits intentional damage to the property of a co-worker. However, her supervisor Carola Brummett responded

that if she placed a radio in an area accessed by others, and had no proof of who did it and why, no action could be taken. No investigation was undertaken.

13) On October 23, 2018, Ms. Blain was informed that a fellow employee named Susan McGrath (Poole) told a prison guard at Hardee Correctional, M. Ybarra, that "she needed to find drugs" on Ms. Blain in order to get her fired. The prison guard reported the conversation. Ms. Blain filed an incident report. Susan McGrath (Poole) is Caucasian (white).

14) On October 26, 2018 Ms. Blain was informed that Susan McGrath (Poole) had accused Ms. Blain of damaging her car. However, surveillance cameras showed that Ms. Blain had not damaged the vehicle at issue.

15) On October 26, 2018, the Defendant Warden S. Baker, "cut" the gate passes on both Ms. Blain and on Susan McGrath (Poole), stating that neither was allowed to work on the prison property. Although there is indication that Ms. McGrath's access was cut due to an unspecified violation of policy in an incident report created by the Defendants Centurion//MHM, Ms. Blain's access termination, also created by Defendant Baker, does not cite any reason. No white employees had their passes cut without cause on October 26, 2018 or at any time relevant to this action. Defendant Shane Barker specifically told Ms. Blain that she had committed no misconduct and her pass was not being taken for misconduct.

16) On October 27, 2018, Ms. Blain was told to gather her belongings because she was being transferred to a different prison. However, she was never allowed to work at a different prison and was terminated. She was replaced by a Caucasian (white) employee.

17) The Employee who was overheard planning to plant drugs on Ms. Blain and who falsely accused Ms. Blain of damaging her car, Ms. McGrath, had her gate access terminated for cause.

18) The plotting co-employee and the Plaintiff, VANESSA BLAIN, both had their prison access revoked by the Warden which lead to the Plaintiff being terminated, even though the Plaintiff had not performed any wrongful act. The Employer took the position that without prison access, they could not continue to employ Ms. Blain. The Employer made no further efforts to employ Ms. Blain at any of the various other correctional facilities at which the Employer provides medical services. Ms. Blain was replaced with a Caucasian (white) employee. No Caucasian (white) employees had their prison access revoked without cause at any time relevant to this action.

### COUNT I-DEFENDANTS CENTURION OF FLORIDA, LLC AND MHM HEALTH PROFESSIONALS INC/LLC.

### FLORIDA CIVIL RIGHTS ACT-DISCRIMINATION ON BASIS OF RACE

19) Paragraphs 1-18 are re-alleged and incorporated herein.

20) Plaintiff, VANESSA BLAIN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about on March 11, 2019, which were dismissed on June 17, 2019, alleging discrimination on the basis of race. (A copy of the complaint and determination are attached as Exhibit A and Exhibit B).

21) Ms. Blain is a member of a protected class in that she is African American.

22) As a result of her race, Ms. Blain was subjected to a hostile work environment in that she was exposed to racial epithets by co-workers and no corrective action was taken by her employer to correct these actions despite Ms. Blain's complaint in writing regarding them on September 24, 2018.  Moreover, when her personal property was destroyed the next day, no action was taken to investigate who or why her property had been destroyed.

23) Ms. Blain was physically attacked with a bag by a co-worker on February 27, 2018, was the victim of a plot to plant drugs on her on or about October 23, 2018, and no action was taken against the offending employees in either case by the Defendant Employers. However, there was disparate treatment of Ms. Blain because of her race, in that even though she was the victim of an assault, and a plot to have drugs planted on her, she was terminated. No Caucasian employees were similarly treated. In addition, she was replaced by a Caucasian (white) employee.

24) Ms. Blain was otherwise qualified for the position as a pharmacy technician that she enjoyed with the Defendant Employers. Her evaluations indicated she was a good employee.

25) These Employers are both employers of Ms. Blain, in that both were responsible for paying her and supervising her, and both employers were responsible for the working conditions. Although MHM may now be MHM LLC rather than a corporation, at all times relevant to Ms. Blain's Complaint of Discrimination, she was employed by MHM Health Professionals, Inc. It is the same entity, which this Defendant has not disputed. In addition, Employer Defendant Centurion conducted Ms. Blain's employee evaluations, paid her, and gave her their employee handbook. In addition, Centurion addressed all complaints as the Employer. As such, Centurion is properly named as an Employer.

26) These actions were taken against Ms. Blain because she is African-Amercian. Ms. Blain has suffered damages as a result of the actions of these Employers.

27) Plaintiff seeks injunctive relief, back pay and other damages under the Florida Statute Section 760.11.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

      (A)    Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

      (B)    Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

      (C)    Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

      (D)    Awarding the Plaintiff punitive damages (unless the party is specifically exempt from payment of punitive damages by law) so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT II-ALL DEFENDANTS

## FLORIDA CIVIL RIGHTS ACT-RETALIATION

28) Paragraphs 1-27 are re-alleged and incorporated herein.

29) Plaintiff, VANESSA BLAIN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about on March 11, 2019, which was dismissed on June 17, 2019, alleging discrimination on the basis of retaliation. (A copy of the complaint and determination are attached as Exhibit A and Exhibit B).

30) Ms. Blain wrote an incident report and complained to the Defendant Employers Centurion and MHM and to Warden Shane Baker and Hardee Correctional Institution of the attempts by Susan McGrath to procure an employee of Defendant Hardee Correctional to plant drugs on Ms. Blain. Ms. McGrath actions were taken because of Ms. Blain's race and complaints of racial discrimination. Ms. McGrath is Caucasian (white).

31) Defendants, Centurion, MHM, Warden Shane Baker and Hardee Correctional retaliated against Ms. Blain for having made a complaint in that the Defendants Warden Shane Baker and Hardee Correctional cut her pass for making a complaint about discrimination, and that Centurion and MHM terminated Ms. Blain for making this complaint. These adverse actions were taken because of her race and because Ms. Blain had complained of actions being taken against her because of her race. No other similarly situated white employees had their passes cut without cause.

32) The fact that the Defendant, Warden Shane Baker and Hardee Correctional Institution cut her pass was an action taken to punish Ms. Blain for racial complaints and because she is African American, and was an action taken with knowledge by these Defendants that she could not be employed there without such access, effectively terminating her employment. In addition, the only reason Ms. Blain had her gate pass cut by the Defendant, Warden Shane Baker and Hardee Correctional is because she is African-American, as no other reason was provided and there is no other reason. Moreover, no Caucasian (white) employees had their passes cut without cause; therefore, Ms. Blain, who is African-American, was treated less favorably than other persons similarly situated. No white persons employed by Centurion, MHM or the prison had their passes cut without cause.

33) The Defendants, Centurion and MHM could have employed Ms. Blain elsewhere after the prison pass was cut but did not do so. Ms. Blain was replaced by a Caucasian (white) person.

34) The Defendants, MHM and Centurion further conspired with Warden Shane Baker and Hardee Correctional to have Ms. Blain's gate pass cut by responding to the Defendant, Warden Shane Baker and Hardee Correctional that Ms. Blain had been rude to employees. This

was done after all of the Defendants were informed of Ms. McGrath's efforts to have Ms. Blain terminated, and was in retaliation for Ms. Blain having made complaints about adverse treatment due to her race.

35) Ms. Blain suffered a loss of employment as a result of all of the Defendants' acts, and this adverse action was taken against her because she is African-American and she made a complaint about action being taken against her because of her race. No other similarly situated employees who are white had their passes cut without cause. Ms. Blain was specifically informed by Defendant Shane Baker that her gate pass was not being taken for any misconduct on her part. Defendants MHM and Centurion specifically informed Ms. Blain that the only reason her employment was discontinued is because of the lack of the gate pass. Similarly situated white employees, e.g., employees with good evaluations and who had not committed misconduct, were treated more favorably in that they were allowed to keep their jobs.

36) Ms. Blain had a right to complain of her racially disparate treatment.

37) Ms. Blain's specific complaints of racial discrimination were made on September 24, 2018, to Centurion and MHM and less than one month before she was terminated. Her complaint to Defendant, Warden Shane Baker and Hardee Correctional were made on October 23, 2018, within three days of her gate pass being cut on October 26, 2018.

38) Plaintiff seeks injunctive relief, back pay and other damages under the Florida Statute Section 760.11.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive (unless the party is specifically exempt from payment of punitive damages by law) damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT III-CENTURION and MHM

## 42 U.S.C. Sec. 1983 CLAIM

39. Paragraphs 1-38 are re-alleged and incorporated herein

40. The Defendants, acting under color of state law, acted in concert and individually to prevent the Plaintiff, VANESSA BLAIN, from keeping her job, or from obtaining similar positions in other prisons.

41. The Defendants in this action were two private companies contracting with a state actor, Hardee Correctional and Defendant Warden Shane Baker. As such, the actions of the two private defendants, MHM and Centurion are considered to be actions under color of state law as they contract with the State of Florida, and all of their employment actions are inextricably intertwined with the actions and facilities of the state of Florida.

42. The private Defendants used the pretext that the gate cut by the Defendants, Warden Shane Baker and Hardee Correctional did not allow them to continue to employ Ms. Blain. However, there were other prisons with similar contracts to which these Defendants could have transferred Ms. Blain. In addition, all of the actions and inactions previously alleged with regard to Ms. Blain's complaints of physical assault, use of racial epithets around her in an effort to

demean and insult her, destruction of her property, were all under color of state law as these Defendants are state actors.

43. The actions of these Defendants have caused Ms. Blain great economic, and other harm, and have caused her to lose her employment.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive (unless the party is specifically exempt from payment of punitive damages by law) damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT IV-BAKER and HARDEE CORRECTIONAL

## 42 USC sec 1981

44) Paragraphs 1-43 are re-alleged and incorporated herein.

45) Plaintiff, VANESSA BLAIN, has been denied her employment and access to Hardee Correctional Institution based on racial animus of the parties because she is African-American.

46) The Defendants Baker and Hardee Correctional knew that Ms. Blain needed her gate access to continue working, and they had no basis other than her race and complaints of racial

harassment for taking away her gate pass. No white persons employed by these Defendants had their gate passes cut without cause.

47) By depriving Ms. Blain of her gate pass, these Defendants effectively denied Ms. Blain her employment. She was treated less favorably than white employees, none of whom had their gate passes cut without cause. She was replaced by a white employee.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive (unless the party is specifically exempt from payment of punitive damages by law) damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT V-BAKER AND HARDEE CORRECTIONAL

## 42 U.S.C. Sec. 1983 CLAIM

48) Paragraphs 1-47 are re-alleged and incorporated herein

49) At all times relevant to this complaint, the Defendants, Warden Shane Baker and Hardee Correctional were acting under color of state law.

50) Ms. Blain was denied the right to enter her place of employment by these state Defendants solely on the basis of racial animus. There was no other cause for the gate cut and the

action was specifically taken because she was African-American and was the target of white employees who targeted her because of her race. No white employees had their passes cut without cause, so she was treated less favorably than white employees. She was replaced by a white employee.

51) The actions of the Defendants Baker and Hardee Correctional deprived her of her employment.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive (unless the party is specifically exempt from payment of punitive damages by law) damages so as to punish and deter Defendant from

## COUNT VI-DEFENDANTS BAKER AND HARDEE CORRECTIONAL
## FLORIDA CIVIL RIGHTS ACT-DISCRIMINATION ON BASIS OF RACE

52) Paragraphs 1-51 are re-alleged and incorporated by reference.

53) Although Defendants Baker and Hardee Correctional were not the direct employers of Ms. Blain, they contracted medical services to their prison to intermediary parties, and were in a position to control various aspects of the employment of Ms. Blain, including her access to the worksite.

54) At all times relevant to the acts alleged herein, the state Defendants had significant control over major components of the employment of Ms. Blain, including her access to the worksite. In addition, it appears that the state actors took employment matters into account in cutting Ms. Blain's gate pass, including previous complaints by her and against her, which were related to the fact that she was African-American.   No white persons had their passes cut without cause; Ms. Blain, who is black was treated less favorably than white employees of the Defendants.

55) Specifically, when the issue came up of a potential plan to plant or have drugs found on Ms. Blain in order to have her terminated, the state defendants reviewed complaints about Ms. Blain from Centurion and MHM and acted in concert with Centurion and MHM as co-employers in determining Ms. Blain's gate access.

56) The actions taken against Ms. Blain were taken because she is African-American and because she had complained of racist acts against her. No white employees have had their passes cut without cause. Ms. Blain was specifically told that she had not committed any wrongful act warranting the termination of her gate pass.

57) These acts of the state Defendants have denied Ms. Blain her employment.

WHEREFORE, the Plaintiff, VANESSA BLAIN, seeks an order from the Court:

(A)     Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B)     Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendants;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive (unless the party is specifically exempt from payment of punitive damages by law) damages so as to punish and deter Defendant from

Date:  April 30, 2020

_/S/ Nora Leto_
Nora Leto, Esq.
Kaylor, Kaylor & Leto, P.A.
P O Box 7306
Lakeland, FL  33807
(863)619-6275
Attorney for Plaintiff
Florida Bar No.  357111
nleto@kaylor-kaylor.com
chr@kaylor-kaylor.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of April, 2020, I electronically filed the foregoing with using the CM/ECF system, which will provide an electronic copy to Thomas R. Thompson Esq., Mallory R. Bennett, Esq., 1330 Thomasville Road, Tallahassee, FL 32303, tom@tcslawfirm.net, rebecca@tcslawfirm.net, mallory@tcslawfirm.net and Richard C. McCrea, Jr, Esq., Catherine H. Molloy, Esq., Cayla M. Page, Esq, 101 E. Kennedy Boulevard, Suite 1900, Tampa, FL 33602, mccrear@gtlaw.com, malloyk@gtlaw.com, and pagec@gtlaw.com.

By: __*/s/ Nora Leto*___
Nora Leto

EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 511-2019-00331 |
| Florida Commission On Human Relations | | and EEOC |
| *State or local Agency, if any* | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Vanessa Blain | (863) 368-2852 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 33031 Grand Prix Dr, SEBRING, FL 33872 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CENTURION/HARDEE CORRECTIONAL INSTITUTION | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6901 State Road 62, BOWLING GREEN, FL 33834 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-01-2018   Latest: 10-26-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired in August 2015 as a Pharmacist Tech/Nursing Assistant. During my tenure, I was subjected to discriminatory comments including N word. Keep in mind that I am the only Black employee in the medical department, and I never had a disciplinary action against me. I complained to the HSA (Carola) that Victoria (White) was using the N word and was offensive to me. Carola told me that she would be speaking with Victoria about it. However, nothing really happened, and the comments continued. For example, Victoria said, during a conversation with another employee, that Victorias granddaughter had nigger hair. Thus, on September 24, 2018, I complained again that Victoria continued using the N word. Respondent, instead of stopping the harassment, discharged me on October 26, 2018 for alleged violations that I did not do. For example, on October 22, 2018, Susan (White) asked an officer to said that I was bringing drugs. That officer refused to do it and warned me that they are after me. Since that did not work, Susan accused me that I damage her car, which is not true; I did not know her car or was even in the parking lot when they said it happened. I even asked them to review the security cameras, but they refused. Nevertheless, Respondent used that reason as pre-text to terminate my employment.

I believe I have been discriminated against because of my Race, Black, and in retaliation for complaining about discriminatory comments in violation of the Title VII of the Civil Rights Act of 1964, as amended

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Vanessa Blain on 03-11-2019 03:18 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT B

| EEOC Form 161 (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | |
| To: Vanessa Blain<br>33031 Grand Prix Dr<br>Sebring, FL 33872 | | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
| | [ ] On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 511-2019-00331 | Hatto Parra,<br>Investigator | (813) 202-7941 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*   6/17/19

Enclosures(s)   Evangeline Hawthorne,   (Date Mailed)
Director

cc: Brett Lane, Associate General Counsel   Nora Leto
MHM Health Professionals, LLC   KAYLOR, KAYLOR & LETO, P.A.
1447 Peachtree St., NE., Suite 500   625 Commerce Dr., Suite 303-304
Atlanta, GA 30309   Lakeland, FL 33813-2733