UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA BLAIN,

       Plaintiff,

v.                                                           Case No. 8:20-cv-49-T-24 SPF

CENTURION OF FLORIDA,
L.L.C., ET AL.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Baker's Second Motion to Dismiss. (Doc. No. 46). Plaintiff opposes the motion. (Doc. No. 47). As explained below, the motion is granted in part and denied in part.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above

the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff Vanessa Blain was a Pharmacist Tech/Nursing Assistant at Hardee Correctional Institution ("HCI"), a Florida state prison.  Defendant Shane Baker is the warden at HCI.  Plaintiff, an African American woman, contends that Baker subjected her to race discrimination and retaliation, which resulted in the termination of her employment.  In her second amended complaint, Plaintiff asserts race discrimination and retaliation claims against Baker, in both his individual and official capacities, under the Florida Civil Rights Act, §1981, and §1983.  (Doc. No. 36).

**III.  Motion to Dismiss**

This is Baker's second motion to dismiss directed at Plaintiff's second amended complaint.  In his first motion to dismiss, Baker argued that the claims against him in his individual capacity should be dismissed on the basis of qualified immunity.  (Doc. No. 37).  The Court granted the motion on this issue to the limited extent that Plaintiff was asserting a §1983 claim against Baker in his individual capacity based on her right to be free from retaliation under the equal protection clause; otherwise, Baker's motion on this issue was denied.  (Doc No. 42).

In the instant motion, Baker makes the identical qualified immunity argument—nearly word for word.  As such, there is no basis for analyzing this argument again, and the Court rejects this argument for the same reasons as set forth in its prior order (Doc. No. 42).

Baker makes an additional argument in the instant motion—he argues that the claims against him in his official capacity for monetary damages must be dismissed due to Eleventh Amendment immunity. In response, Plaintiff argues that Baker is procedurally barred from raising this defense in a successive motion to dismiss. The Court rejects Plaintiff's argument.

"An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction[.]" Seaborn v. State of Fla., Department of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998). As such, an assertion of Eleventh Amendment immunity can be raised at any time. See id.; McClendon v. Georgia Department of Community Health, 261 F.3d 1252, 1257 (11th Cir. 2001).

"Eleventh Amendment immunity bars suits by private individuals against a state in federal court unless the state consented to be sued, waived its immunity, or Congress abrogated the states' immunity." Henry v. Florida Bar, 701 Fed. Appx. 878, 880 (11th Cir. 2017). A claim against Baker in his official capacity as the warden of HCI is equivalent to a claim against HCI. See Carpenter v. Horta, 2019 WL 6828174, at *2 (M.D. Fla. Dec. 13, 2019). Defendants sued in their official capacity may assert Eleventh Amendment immunity in response to state law claims, as well as federal claims seeking monetary damages, to the same extent that the state itself could. See Henry, 701 Fed. Appx. at 880-81; Florida Education Association v. Department of Education, 2018 WL 10560519, at *4 (N.D. Fla. Dec. 19, 2018)(citations omitted). No one disputes that HCI is a state actor that could assert Eleventh Amendment immunity.

Plaintiff asserts two state law claims against Baker in his official capacity under the Florida Civil Rights Act. Eleventh Amendment immunity bars those claims, and as such, the Court grants Baker's motion to dismiss those claims. See Florida Education Association, 2018 WL 10560519, at *4. Plaintiff asserts two federal claims against Baker in his official capacity

3

for monetary damages under §1983 and §1981.  Eleventh Amendment immunity also bars those claims, and as such, the Court grants Baker's motion to dismiss those claims too.  See Henry, 701 Fed. Appx. at 880.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant Baker's Second Motion to Dismiss (Doc. No. 46) is **GRANTED IN PART AND DENIED IN PART:**  The motion is **GRANTED** to the extent that the Court dismisses the Florida Civil Rights Act claims against Baker in his official capacity, as well as the §1983 and §1981 claims for monetary damages against Baker in his official capacity, due to Eleventh Amendment immunity; otherwise, the motion is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 3rd day of August, 2020.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4